CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 0 2 2005

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KELVIN A. CANADA,<br>    Petitioner, | Civil Action No. 7:05CV00362 |
| v. | **MEMORANDUM OPINION** |
| TRACY RAY, WARDEN,<br>    Respondent. | By: Samuel G. Wilson<br>United States District Judge |

Petitioner Kelvin A. Canada, a Virginia inmate proceeding pro se, brings this petition pursuant to 28 U.S.C. §2254, challenging his June 20, 1994 convictions in the Circuit Court of Campbell County for murder, attempted murder, use of a firearm, shooting into an occupied vehicle, and shooting into an occupied building. Canada claims ineffective assistance of counsel and trial court error. This matter is before the court on the respondent's motion to dismiss. The court finds that Canada's petition is untimely and that there are no grounds for equitable tolling. Accordingly, the court grants the respondent's motion to dismiss.

I.

On June 20, 1994, following a jury trial, Canada was convicted in the Campbell County Circuit Court for murder, attempted murder, use of a firearm, shooting into an occupied vehicle, and shooting into an occupied building. The court sentenced Canada to life plus 35 years. Canada appealed his conviction to the Court of Appeals of Virginia, which affirmed his conviction on July 11, 1995. He then petitioned for an appeal before the Supreme Court of Virginia; the court denied his appeal on November 21, 1995. Canada filed a petition for a writ of habeas corpus in the Campbell County Circuit Court. Canada does not recall the date he filed the petition; but the court dismissed it on May 8, 2000, and Canada did not appeal. He then filed the current petition on June 7, 2005.

## II.

Canada filed his petition outside the one-year statute of limitations mandated by 28 U.S.C. § 2244(d), and he has shown no grounds for equitable tolling of the § 2244 statute of limitations; the court, therefore, dismisses his petition. Canada does not specify when he filed his state habeas petition, but he does specify that the court dismissed it on May 8, 2000, and that he did not appeal the dismissal. Even assuming that, pursuant to § 2244(d), the one-year clock for Canada's § 2254 petition was tolled until June 8, 2000, when the dismissal of his state habeas petition became final,[1] Canada still had to file his § 2254 petition by June 8, 2001. By filing his petition on June 7, 2005, Canada missed this deadline by nearly four years.

Because Canada did not meet the one-year deadline, his petition is barred unless he demonstrates to the court some grounds for equitable tolling of the the one-year clock. Canada has not made any such demonstration here. The Fourth Circuit has explained that equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Canada contends that he has been transferred many times over the years, severely limiting his access to legal materials and preventing him from learning of the one-year statutory deadline. However, mere lack of knowledge as to a statutory deadline or unfamiliarity with the legal process does not support

---

[1] The Campbell County Circuit Court dismissed the petition on May 8, 2000, and that decision became final when Canada did not appeal to the Supreme Court of Virginia within thirty days as required by Va. S. Ct. R. 5:9.

2

granting equitable tolling. Harris, 209 F.3d at 330. Moreover, Canada did manage to file a state habeas petition, undercutting his claim that his access to legal materials was limited. Thus, the court finds no grounds for equitable tolling and finds Canada's petition untimely.

### III.

For the foregoing reasons, the court grants the respondent's motion to dismiss.

**ENTER:** This 2nd day of September, 2005.

_____
UNITED STATES DISTRICT JUDGE